IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD E. WIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case Number CIV-06-875-C |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

A hearing on Plaintiff's administrative request for Social Security Disability benefits was held on January 25, 2006, before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision on April 11, 2006, finding Plaintiff was not entitled to benefits. The Appeals Council denied Plaintiff's request for review. Plaintiff then commenced the present action seeking judicial review. Consistent with the relevant provisions of 28 U.S.C. § 636, this matter was referred to United States Magistrate Judge Shon T. Erwin for Findings and Recommendation ("F&R"). On August 6, 2007, Judge Erwin issued an F&R recommending the denial of benefits be upheld. Plaintiff filed a timely objection and the Court therefore reviews the matter de novo.

Plaintiff's objection to the F&R is that the ALJ failed to make findings regarding the physical and mental demands of Plaintiff's past work as a dispatcher and that Judge Erwin erred in improperly making a factual analysis to support the ALJ's finding. Specifically, Plaintiff argues that despite the existence in the record of evidence demonstrating he has bilateral hearing loss and lacks the computer skills and/or fine finger dexterity abilities necessary to perform the job of dispatcher, these limitations were not considered in the ALJ's opinion. In rejecting this

claim, Judge Erwin found that Plaintiff's hearing loss was supported only by his testimony and that of a doctor who merely relayed what Plaintiff told him. Thus, Judge Erwin found there was no requirement that the ALJ consider this disability in reaching his decision regarding Plaintiff's ability to work. The Court finds Judge Erwin's finding on this issue to be in error. Judge Erwin noted that Plaintiff had failed to offer any medical evidence that he in fact has a hearing loss. However, Plaintiff's burden is not that heavy. Indeed, the Tenth Circuit has held:

> because a social security disability hearing is a nonadversarial proceeding, the ALJ is "responsible in every case 'to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" Hawkins [v. Chater], 113 F.3d [1162] at 1164 [(10th Cir. 1997)] (quoting Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360-61 (10th Cir. 1993)); 20 C.F.R. § 404.944 (requiring the ALJ to "look[] fully into the issues"). Generally, this means that the "ALJ has the duty to . . . obtain[] pertinent, available medical records which come to his attention during the course of the hearing." Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996).

Madrid v. Barnhart, 447 F.3d 788, 790 (10th Cir. 2006). Thus, the Court finds that when Plaintiff testified that he wore hearing aids and that his limited hearing would make it difficult or impossible to perform his past work, the ALJ had the duty to obtain medical evidence to enable him to properly consider the complaint. In the alternative, the ALJ could have simply included these limitations in the hypothetical posed to the Vocational Expert. See Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995) (hypothetical inquiries to a Vocational Expert "must include all (and only) those impairments borne out by the evidentiary record").[*] The same

---

[*] The Court recognizes that hypothetical questions need only include those limitations established by substantial evidence. However, because in this case the ALJ failed to develop the record to determine if the hearing loss was supported by substantial evidence, the ALJ had to include the limitation to enable to the Vocational Expert to offer a properly informed opinion about Plaintiff's ability to perform his past work.

result obtains regarding Plaintiff's limitations on fine finger dexterity and computer skills. The ALJ failed to secure evidence demonstrating the impact Plaintiff's limitations in this area would have on his ability to perform his past work. Because this evidence was not developed, the Court cannot determine if the ALJ's ultimate conclusion regarding Plaintiff's ability to work as a dispatcher is correct. For this reason, remand is required.

The Court also notes that Judge Erwin properly found that that ALJ erred in finding Plaintiff could perform his past work as a supervisor. As noted in the F&R, the ALJ's findings were contrary to the report of the Vocational Expert regarding the exertional level at which the work was performed. Upon remand, this error shall also be resolved.

As set forth more fully herein, the Court ADOPTS the Findings and Recommendation issued by the Magistrate Judge on August 6, 2007, in part, and DECLINES to adopt it, in part. This matter is REMANDED to the Commissioner for additional proceedings consistent with the rulings herein.

IT IS SO ORDERED this 30th day of August, 2007.

ROBIN J. CAUTHRON
United States District Judge